IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERICK CARTER | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-40 |
| BRAD LIVINGSTON, *et al.*, | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Frederick Carter, an inmate formerly confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 against several defendants.

The Court referred this matter to the Honorable Zack Hawthorn United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends plaintiff's claims against Quality Services and Risk Management, Polunsky Officials and TDCJ, Polunsky Grievance Coordinator and TDCJ, and TDCJ Polunsky Security should be dismissed for failure to state a claim and as frivolous.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the records, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge (docket entry no. 73). This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

As outlined by the Magistrate Judge, these defendants are not separate legal entities having jural authority. *See, e.g., Bridges v. Rossie*, No. 3:96cv448, 1998 WL 241242 at *5 (N.D. Tex. May 6, 1998) (holding that Dallas Police Department lacks jural existence and the capacity to be sued); *Magnett v. Dallas County Sheriff's Department*, No. 3:96cv3191, 1998 WL 53555 at *1 (N.D. Tex. Jan. 20, 1998) (holding that neither the Dallas County Sheriff's Department nor the Dallas County Sheriff's Department Detention Services Bureau has the legal authority to engage in separate

litigation); *Jacobs v. Port Neches Police Department*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (holding that county sheriff's department and county district attorney's office are not legal entities capable of suing or being sued). Plaintiff has failed to show these entities have the capacity to be sued.

### ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A **PARTIAL JUDGMENT** will be entered in accordance with the recommendations of the Magistrate Judge.

**So Ordered and Signed**
**Sep 16, 2019**

_____
Ron Clark, United States District Judge