**NOT PRINTED FOR PUBLICATION**

THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERICK CARTER | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-40 |
| BRAD LIVINGSTON, *et al.*, | § | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Frederick Carter, an inmate formerly confined at the Polunsky Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Miguel Martinez and several other defendants.

Procedural & Factual Background

Plaintiff alleges that generally that from April 26, 2017 through May 9, 2017, the duration of his time in 11 Building, he was subjected to cruel and unusual punishment by officers who taunted, intimidated and threatened plaintiff. Plaintiff states TDCJ and Polunsky Unit officers on 11 Building regularly and routinely engaged in the "dirty, devious, deceitful, and barbaric and appalling" pattern of not feeding inmates on a regular basis as a technique of controlling and retaliating against plaintiff. Plaintiff contends that the officers used the excuse that the inmates refused their food tray when in fact they refused to feed the inmates. As to defendant Martinez specifically, plaintiff brings this § 1983 claim for deliberate indifference alleging he failed to feed plaintiff lunch and dinner on May 1, 2017 following this same course of action. Complaints (docket entry no. 9 & 16).

## Motion for Summary Judgment and Response

Defendant Martinez filed a Motion for Summary Judgment on November 1, 2019 (docket entry no. 105). Defendant Martinez alleges plaintiff did not exhaust his administrative remedies.

Plaintiff filed a Response to the Motion for Summary Judgment on December 17, 2019 (docket entry no. 106). Plaintiff responds, in essence, stating the grievance process at the Polunsky Unit hindered his ability to exhaust his administrative remedies by losing and/or discarding his grievances in addition to never responding to numerous attempts to inquire about his lost and/or destroyed grievances.

## Standard of Review

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Analysis

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies *prior* to filing suit under 42 U.S.C. § 1983 or "any other Federal law." Accordingly, state prisoners filing suit under 42 U.S.C. § 1983 must first exhaust inmate grievance procedures prior to instituting a § 1983 suit" *See, e.g.*, *Porter v. Nussel*, 534 U.S. 516, 524 (2002) (exhaustion requirement applies to all inmate suits about prison life);

*Schipke v. Van Buren*, 239 F. App'x 85, 86, 2007 WL 2491065 (5th Cir. August 30, 2007) (not designated for publication) (exhaustion requirement applies to *Bivens* action); *Rourke v. Thompson*, 11 F.3d 47, 50 (5th Cir. 1993) (exhaustion requirement applied to petition seeking only injunctive relief). A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Johnson v. Ford*, 261 F. App'x 752, 755, 2008 WL 118365 (5th Cir. Jan. 14, 2008) (not designated for publication) (stating that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement) (citing *Days v. Johnson*, 322 F.3d 863, 855 (5th Cir. 2003)); *Lane v. Harris Cty. Med. Dep't.*, 2008 WL 116333, at *1 (5th Cir. Jan. 11, 2008) (stating that under the PLRA, "the prisoner must not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules") (not designated for publication). "Indeed a prisoner must exhaust administrative remedies even where the relief sought - monetary damages - cannot be granted by the administrative process." *Woodford*, 548 U.S. at 85.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Schipke*, 239 F. App'x at 86 (quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). The Fifth Circuit has taken the position that exceptions to the exhaustion requirement only apply in "extraordinary circumstances," and the prisoner bears the burden of demonstrating the futility or unavailability of administrative review. *Id*.

Defendant Martinez argues plaintiff failed to file a step 1 and a step 2 grievance relating to the incident at issue. Defendant Martinez relies on relevant portions of plaintiff's grievance records from January 1, 2017 to December 31, 2017 as summary judgment evidence. Exhibit A (docket entry no. 105-1 through 105-5). According to defendant Martinez, plaintiff alleges the injury occurred on May 1, 2017 which would require him to file a step 1 grievance on or before May 16, 2017. The competent summary judgment evidence shows that no step 1 or step 2 grievance was processed relating to this incident. *Id*. The competent summary judgment evidence also shows that plaintiff filed numerous grievances from January 1, 2017 to December 31, 2017 that were, in fact, processed. *Id*. Notably, plaintiff complained in some processed grievances regarding the Polunsky Unit's failure to process his grievances and/or respond to his I-60's regarding his grievances. *Id*. In particular, on July 18, 2017, plaintiff complains about the Grievance Coordinator's failure to respond to his I-60's concerning his grievances. *Id*., pgs. 9-12 (docket entry no. 105-1); pgs. 11- 14 (docket entry no. 105-3). However, there is no specific complaint regarding a missing grievance or I-60 relating to the May 1, 2017 incident. *Id*. In addition, the competent summary judgment evidence shows that grievances were processed regarding other incidences plaintiff complained of in May of 2017 that did not involve defendant Martinez. *Id*., pgs. 13-14, pgs. 5- 6 (docket entry no. 105-3); pgs. 5-12 (docket entry no. 105-4).

As previously stated, in response, plaintiff argues generally that the Polunsky Unit grievance process hindered and hampered his ability to exhaust his administrative remedies (docket entry no. 106). It is important to note that this response is not only in response to defendant Martinez's Motion for Summary Judgment for failure to exhaust administrative remedies but also in response to a similar motion filed by defendant Terry Andrews. Plaintiff's claims against defendant Terry

Andrews was severed from this action into Civil Action No. 9:19cv164. Plaintiff's response comprises a total of 46 pages. Only once does plaintiff mention defendant Martinez's name. Plaintiff counters with no competent summary judgment evidence even alleging, let alone establishing, that he attempted to file a step 1 or step 2 grievance on some specified date relating to the May 1, 2017 incident concerning defendant Martinez. Plaintiff even states that due to the failure of the Polunsky Unit Grievance Department to process his grievances, he started to make hand written copies of his grievances. However, plaintiff does not attach nor even reference any such handwritten copy concerning his complaints about the May 1, 2017 with defendant Martinez. Plaintiff only attaches handwritten copies with respect to other incidences and TDCJ officials. Notably, one of plaintiff's handwritten complaints involves an incident on May 13, 2017 which was filed on May 21, 2017, around the time frame plaintiff was required to file a step 1 grievance relating to the May 1, 2017 incident with defendant Martinez yet no similar handwritten copy regarding the May 1, 2017 incident with defendant Martinez was provided. Plaintiff also attaches a time-line of I-60 inquiries dating back to March 2, 2015 through June 8, 2017. There is no mention of an I-60 relating to any missing grievance concerning the May 1, 2017 incident with defendant Martinez. Finally, in his closing paragraph, plaintiff only asks the court to deny defendant Boyd's motion to dismiss, making no reference to defendant Martinez.

Although plaintiff references a Southern District of Texas opinion denying a similar motion for summary judgment for failure to exhaust administrative remedies relating to plaintiff's grievances regarding an incident in that district and on plaintiff's same theory that the Polunsky Unit interfered in the grievance process, the facts of that case can be distinguished from the facts here relating to defendant Martinez. *See Carter v. Ruiz*, Civil Action No. 4:15-CV-02338 (docket entry

no. 50). In the Southern District case, the competent summary judgment evidence there showed plaintiff actually filed a step 1 grievance which was ultimately rejected as untimely. *Id*. In that case, plaintiff argued in the processed but untimely grievance that he submitted a prior grievance that was not processed. *Id*. In the present case, there is no competent summary judgment evidence that demonstrates plaintiff ever attempted to file a step 1 or step 2 grievance relating to the May 1, 2017 incident with defendant Martinez. The is also no competent summary judgment evidence that demonstrates plaintiff filed a grievance or an I-60 complaining that his grievances regarding the May 1, 2017 went missing. Plaintiff has simply failed to come forward with specific facts or competent summary judgment evidence showing that a genuine dispute of material fact exists regarding the failure to exhaust administrative remedies with respect to plaintiff's claims against defendant Martinez.

## Order

The Motion for Summary Judgment filed by Defendant Martinez (docket entry no. 105) for failure to exhaust administrative remedies is **GRANTED** and plaintiff's claims against Defendant Martinez are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** **March 17, 2020.**

_____
Ron Clark, Senior District Judge