IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| FREDERICK CARTER | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-40 |
| BRAD LIVINGSTON, *et al.*, | § | |

<u>MEMORANDUM OPINION AND ORDER</u>
<u>REGARDING SEVERANCE</u>

On August 19, 2020, the Magistrate Judge entered a Show Cause Order, ordering defendant Glosson to show cause as to why a default judgment should not be entered against her and ordering defendant Martin to show cause as to why a dispositive motion, a motion for extension of time or other correspondence has not been filed to date.  The Order was sent to both defendants certified mail return receipt.  Linda Martin received the Order on August 31, 2020.  The copy of the Order sent to Brandi Glosson was returned as unable to forward.  Neither defendant has filed a response to the Order to date.

On this same day, the court entered two Memorandum Opinions and Orders Adopting the Reports and Recommendations entered January 20, 2021, dismissing plaintiff's claims against defendants Henry, Nguyen, Jackson, Moore and Stalinsky.  This court previously dismissed plaintiff's claims against defendants Livingston, Harris and Martinez.  *See* Orders Adopting Report and Recommendation (docket entry nos. 97 & 114).[1]  As such, the only remaining defendants in this case are defendants Martin and Glosson.  As plaintiff's claims against defendants Martin and Glosson are distinctly separate claims from those concerning defendants Henry, Nguyen, Jackson, Moore, Stalinksy, Livingston, Harris and Martinez, and, in order to avoid the possible injustice of delaying judgment against the latter defendants, the court believes that severance of the claims against defendants Martin and Glosson and the entry of Final Judgment in the above-referenced case

---

[1]Plaintiff also sued several non-jural entities.  Those claims were dismissed on September 16, 2019 (docket entry nos. 89 & 90).

against the remaining defendants pursuant to Federal Rule of Civil Procedure 54(b) is appropriate.[2] *See Gelboim v. Bank of America Corp., et al.*, 574 U.S. 405, 409 (2015); *Meadaa v. K.A.P. Enterprises, L.L.C.*, 756 F.3d 875, 87-80 (5th Cir. 2014).  The court expressly finds there is no just reason for delay.  It is, therefore,

**ORDERED** that plaintiff's claim against defendants Linda Martin and Brandi Glosson are **SEVERED** from this action and shall proceed as a separate civil rights action filed pursuant to 42 U.S.C. § 1983.  The Clerk of Court is instructed to file the following docket entries into the new civil rights action: 1, 2, 9-10, 16, 23, 34-37, 43-44, 49-50, 55-59, 64-66, 70, 75, 91-92, 98-99, 103, 110, 131, 134-135, 137 and Staff Notes dated May 28, 2020, August 20, 2020, and August 31, 2020. The resulting case should be assigned in the regular practice for allotment of newly-filed civil actions.

So ORDERED and SIGNED, Mar 03, 2021.

Ron Clark
Senior Judge

---

[2]The COVID-19 pandemic has created uncertainty with respect to the timeline for disposition of various cases. That issue, compounded with two defendants failing to respond to the Magistrate Judge's Show Cause Order, necessitates the severance in this case and entry of Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).